# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW HANTZIS,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Respondents. | Case No. CV 17-04554-ODW (RAO)<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY** |

## I. INTRODUCTION

On June 20, 2017, Petitioner Andrew Hantzis ("Petitioner") lodged a document titled "Complaint, Habeas Corpus." Dkt. No. 1. On July 28, 2017, the lodged complaint was filed. Dkt. No. 2. On August 10, 2017, the Court denied Petitioner's request to proceed in forma pauperis with leave to amend. Dkt. No. 6. On September 29, 2017, Petitioner paid a $400 filing fee. Dkt. No. 9.

On October 18, 2017, the Court received a pleading but was unable to discern whether Petitioner intended to file a civil rights complaint or a federal habeas petition. *See* Dkt. Nos. 10, 15. On August 8, 2018, in response to a Court order, Petitioner indicated that he requests federal habeas relief pursuant to 28 U.S.C. § 2255. Dkt. No. 25.

On August 14, 2018, the Court issued an order following an initial review of the Petition.[1] Dkt. No. 26. The order explained that the First Amended Petition ("FAP") appeared to be subject to summary dismissal. *Id.* Petitioner was given an opportunity to respond to the August 14 order, *see id.*, and the Court received Petitioner's response on September 13, 2018. Dkt. No. 27

## II. BACKGROUND

A criminal complaint was filed against Petitioner on October 5, 2000. *See* CR 00-1047-SVW (C.D. Cal., filed Oct. 5, 2000). On October 19, 2001, Petitioner was found guilty of distribution and possession of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). CR 00-1047-SVW, Dkt. Nos. 39, 62. On June 28, 2005, Petitioner was sentenced to a federal prison term of 211 months, followed by a supervised release term of 5 years. CR 00-1047-SVW, Dkt. Nos. 205, 206. Petitioner was released from federal prison on January 27, 2016.[2]

Petitioner is also the claimant in two civil forfeiture actions. *See USA v. 1812 258th Place*, CV 00-10590-SVW-SGL (C.D. Cal., filed Oct. 3, 2000); *USA v. 25361 Woodward Ave*, CV 00-10591-SVW-SGL (C.D. Cal., filed Oct. 3, 2000). Both civil forfeiture actions were filed on October 3, 2000, and stayed pending resolution of Petitioner's criminal case. CV 00-10590-SVW-SGL, Dkt. No. 17; CV 00-10591-SVW-SGL, Dkt. No. 25. On September 3, 2002, pursuant to a stipulation of the parties, Petitioner withdrew all of his defenses to the forfeitures

---

[1] Because the Court has construed the action as a habeas action, $395 of the $400 filing fee paid by Petitioner has been refunded. *See* 28 U.S.C. § 1914.

[2] The Court takes judicial notice of the record for Petitioner on the Federal Bureau of Prisons Inmate Locator, available at https://www.bop.gov/inmateloc/. *See Harris v. County of Orange,* 682 F.3d 1126, 1131–32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record); *United States ex rel. Modglin v. DJO Global Inc.*, 48 F. Supp. 3d 1362, 1381-82 (C.D. Cal. 2014) ("Under [Federal] Rule [of Evidence] 201, the court can take judicial notice of [p]ublic records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies." (internal quotation marks omitted)).

except for his argument that the forfeitures were constitutionally excessive in violation of the Eighth Amendment. *See* CV 00-10590-SVW-SGL, Dkt. No. 56; CV 00-10591-SVW-SGL, Dkt. No. 59. Judgment was entered in favor of plaintiff United States of America on April 23, 2009. CV 00-10590-SVW-SGL, Dkt. No. 229; CV 00-10590-SVW-SGL, Dkt. No. 116.

### III. STANDARD OF REVIEW

A court may apply the Rules Governing Section 2254 Cases in the United States District Courts to other types of habeas actions. *See* Rule 1(b), Rules Governing Section 2254 Cases. Under Rule 4 of the Rules Governing Section 2254 Cases, the Court may dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

### IV. DISCUSSION

**A. Summary of Relevant Filings[3]**

The FAP primarily discusses union and labor proceedings in California and bankruptcy proceedings involving Legion Insurance Company in Pennsylvania. *See generally* FAP. Petitioner argues in the FAP that he was "never noticed under the Fair Warning Doctrine repeatedly back in 1980, 1984, 1988, 1992, 1996, 2000, 2002 ongoing to date." *Id.* at 4. Petitioner asserts that the National Labor Relations Board ("NLRB") Director endorsed employment actions that placed Petitioner's safety at risk. *Id.* at 5. Petitioner argues that his private property was converted into public property. *Id.* at 7. Petitioner contends that his legal representation was

---

[3] As noted in the August 14 screening order, large portions of the FAP and Petitioner's other filings in this case have been difficult to decipher or are unintelligible. For example, the original complaint or petition complained about a variety of issues ranging from a collective bargaining agreement to actions undertaken by the Australian Department of Immigration. *See* Dkt. No. 2. Petitioner did not identify the grounds for the Court's jurisdiction or any theory under which he sought relief. *See* Dkt. No. 6. Additionally, a filing received on February 13, 2018, was returned to Petitioner as it was unclear what relief, if any, was being requested in the documents. *See* Dkt. No. 14.

3

ineffective at his 1980 labor and employment trial through his criminal trial proceedings. *Id.* at 9-13. Petitioner also argues that his labor union representative had the "duty to notice [Petitioner] over the compact [Petitioner] was about to be inducted into." *Id.* at 13. Although Petitioner states that the Court "can grant the relief requested," *id.* at 14, Petitioner requests no specific relief in the FAP.

In his August 8, 2018 filing ("August 8 Filing"), Petitioner states that he requests federal habeas relief under Section 2255. Dkt. No. 25 at 4. Petitioner describes that on January 20, 2000, he was arrested and released by the Los Angeles county jail facility on a recognizance bond of $500,000. *Id.* Petitioner argues that he was forced to sign documents under duress, and his titles and interests were transferred to Legion Insurance. *Id.* at 2. Petitioner asserts that probable cause did not exist on the day of his arrest by state authority. *Id.* Petitioner also argues that his counsel failed to address any matters on his behalf in a lawsuit brought in the Supreme Court of Pennsylvania. *Id.* at 3. Petitioner contends that counsel was ineffective in appealing his criminal sentence. *Id.* Petitioner argues that there was an "entrapment scheme." *Id.* Petitioner requests the Court grant him habeas relief as Petitioner did not have the right to defend himself once a "straw man was entered discharged in insolvency bankruptcy proceedings." *Id.* at 4.

In his September 13 response ("September 13 Response"), Petitioner refers to "judgments that the debtor has paid, for debts that have been discharged in bankruptcy." Dkt. No. 27 at 1. Petitioner states that default judgments were rendered without service of process and writs of execution were issued in an amount greater than the judgment. *Id.* Petitioner complains of a judgment issued against him by Pennsylvania on behalf of California in the form of insolvency proceedings. *Id.* Petitioner states that he is currently under unsupervised release. *Id.* at 2.

///

## B. Petitioner Does Not Seek Release from Illegal Custody

"It is clear . . . that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).

As best the Court can construe, Petitioner has not requested release from illegal custody. In the FAP, the August 8 Filing, and the September 13 response, Petitioner complains of various proceedings that affected or disposed of Petitioner's assets and property, including California labor and employment proceedings, Pennsylvania bankruptcy proceedings, and the civil forfeiture actions in this district. *See* FAP at 4-5 ("All assets of Legion are hereby found to be *custodia legis* of this court . . . ."); *id.* at 7 (stating Petitioner's private property was converted into public property); *see also* Aug. 8 Filing at 2 (referring to securities, a trust, and a "commercial transaction scheme"); *id.* at 4 (referring to Petitioner's pension trust, double taxation, trust property, and bankruptcy proceedings); Sept. 13 Response at 1 (referring to "default judgments," "writs of execution," and "insolvency proceedings"). Thus, it appears that Petitioner is only seeking relief from monetary or other property-related judgments.

Although Petitioner refers to his criminal proceedings, the allegations are so intertwined with references to the employment and bankruptcy proceedings that it is not possible for the Court to construe any cognizable challenge to Petitioner's criminal conviction or sentence.[4] Nowhere does Petitioner complain of his

---

[4] As an example, Petitioner states in the last two paragraphs of the FAP that his labor union representative had the duty to "notice" Petitioner, that counsel failed to point out that "the prosecution (labor and employment)" had promised benefits to a witness, that counsel failed to object to an erroneous jury instruction that made imposition of the death penalty more likely, and that the matter rests in Pennsylvania. FAP at 13-14. Even under a liberal construction of the FAP, the Court cannot deduce which of Petitioner's complaints targets his federal criminal conviction in this district.

conditions of release or request early termination of his unsupervised release. To the extent Petitioner is challenging only the fine associated with his criminal conviction, habeas relief is not available. *See United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999).

Accordingly, the Court lacks habeas corpus jurisdiction because a favorable judgment would not "necessarily lead to [Petitioner's] immediate or earlier release from confinement." *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc), *cert. denied*, 137 S. Ct. 645 (2017).[5]

## C. Conversion of This Case to a Civil Rights Action Is Not Appropriate

In appropriate circumstances, a district court may construe a flawed habeas petition as a civil rights action. "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." *Nettles*, 830 F.3 at 936 (quoting *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)) (internal quotation marks omitted).

Conversion of the instant habeas action into a civil rights action is not appropriate at least because the FAP does not request any specific type of relief. *See id.* at 936. The pleading also names the United States as a defendant, but does not purport to allege any claim that could be properly brought against the United States. Even if Petitioner named the proper defendants and requested appropriate relief, *Nettles* does not require a district court to convert a habeas petition into a civil rights complaint. *See id.* at 936. Accordingly, the Court declines to convert this action into a civil rights or other non-habeas civil action.

---

[5] *Nettles* was heard by an 11-judge en banc panel of the Ninth Circuit. Five judges joined in the principal opinion, one judge issued a concurrence, and five judges dissented. The concurring judge joined in certain portions of the principal opinion, which portions constitute the majority opinion. This order cites only to the majority opinion.

6

## V. **CERTIFICATE OF APPEALABILITY**

Under the Antiterrorism and Effective Death Penalty Act of 1996, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

When the Court dismisses a petition on procedural grounds, it must issue a COA if the petitioner shows: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

Here, the Court is summarily dismissing the FAP without prejudice to raising the claims in a non-habeas civil action because the Court has determined that Petitioner does not request habeas corpus relief. The Court finds that Petitioner cannot make the requisite showing that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Accordingly, a certificate of appealability is denied in this case.

///
///
///
///
///

## VI. ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. The First Amended Petition is **DISMISSED** without prejudice to Petitioner raising his claims in a non-habeas civil action; and
2. A Certificate of Appealability is **DENIED**.

DATED: September 19, 2018

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE